UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | [Proposed] **Protective Order** *26/C* |
| v. | **21 Cr. 336 (JGK)** |
| DRAMION COOMBS, OLUFEMI NATHANIEL ITIOWE, TANZANIA HOGAN, and DEIBI SANCHEZ, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby

finds and orders as follows:

WHEREAS, the Government will make disclosure to the defendant of documents, objects

and information, including electronically stored information ("ESI"), pursuant to Federal Rule of

Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce

exculpatory and impeachment material in criminal cases, all of which will be referred to herein as

"Disclosure Material";

WHEREAS, the Government's Disclosure Material in this case may include Confidential

Information that (i) may affect the privacy and confidentiality of individuals; (ii) would impede, if

prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii)

would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be

disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal

case;

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/23/2021

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously Disclosure Material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1.      Confidential Information shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any third party except as set forth below.

2.      Confidential Information may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

(a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Potential witnesses ("Potential Witnesses") for purposes of defending this action; and

(d) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Information is

2

disclosed to any Designated Persons, defense counsel shall first provide each Designated Person

with a copy of this Order and instruct such Designated Persons that they are bound by the terms

of this Order. Defense counsel shall maintain a record of what information has been disclosed to

which such persons.

3.      The Government may designate Disclosure Material as Confidential Information

by labeling such Disclosure Material as "Confidential."

4.      The Government may authorize, in writing, disclosure of Confidential Information

beyond that otherwise permitted by this Order without further Order of this Court.

5.      This Order does not prevent the disclosure of any Confidential Information in any

hearing or trial held in this action, or to any judge or magistrate judge, *or court personnel* for purposes of this action.

All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6.      Except for Confidential Information that has been made part of the record of this

case, the defense shall return to the Government or securely destroy or delete all Confidential

Information, including the seized ESI Confidential Information, within 30 days of the expiration

of the period for direct appeal from any verdict in the above-captioned case; the period of direct

appeal from any order dismissing any of the charges in the above-captioned case; or the granting

of any motion made on behalf of the Government dismissing any charges in the above-captioned

case, whichever date is later, subject to defense counsel's obligation to retain client files under the

Rules of Professional Conduct.   If Confidential Information is provided to any prospective

witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

3

7.     This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

      AUDREY STRAUSS
      United States Attorney

by:    /s/ Brandon D. Harper         Date:   /s/ May 21, 2021
      Brandon D. Harper
      Assistant United States Attorney

                                          Date: _____
      James Neuman
      Counsel for Dramion Coombs

                                          Date: _____
      Mitchell Elman
      Counsel for Olufemi Nathaniel Itiowe

                                        Date: _____
      Lorraine Gauli-Rufo
      Counsel for Tanzania

                                          Date: _____
      Jesse Siegel
      Counsel for Deibi Sanchez

SO ORDERED:

Dated: New York, New York
      June 23, 2021

                                  _____
                                  THE HONORABLE JOHN G. KOELTL
                                  UNITED STATES DISTRICT JUDGE

### Retention of Jurisdiction

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

> AUDREY STRAUSS
> United States Attorney

by: _____      Date: _____
> Brandon D. Harper
> Assistant United States Attorney

_____      Date: _____
James Neuman
Counsel for Dramion Coombs

_____      Date: _____
Mitchell Elman
Counsel for Olufemi Nathaniel Itiowe

*Lorraine Gauli-Rufo*      Date: ___5/21/2021___
Lorraine Gauli-Rufo
Counsel for Tanzania

_____      Date: _____
Jesse Siegel
Counsel for Deibi Sanchez

SO ORDERED:

Dated: New York, New York
       May __, 2021

                              _____
                              THE HONORABLE JOHN G. KOELTL
                              UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

> AUDREY STRAUSS
> United States Attorney

by: _____   Date: _____
> Brandon D. Harper
> Assistant United States Attorney

_____   Date: _____
> James Neuman
> Counsel for Dramion Coombs

_____   Date: _____
> Mitchell Elman
> Counsel for Olufemi Nathaniel Itiowe

_____   Date: _____
> Lorraine Gauli-Rufo
> Counsel for Tanzania

_____   Date: 6/21/21
> Jesse Siegel
> Counsel for Deibi Sanchez

SO ORDERED:

Dated: New York, New York
       May __, 2021

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

      AUDREY STRAUSS
      United States Attorney

by:  _____  Date: _____
      Brandon D. Harper
      Assistant United States Attorney

      _____  Date: _____
      James Neuman
      Counsel for Draytton Coombs

      _____  Date: 06/15/2021
      Mitchell Elman
      Counsel for Olufemi Nathaniel Itiowe

      _____  Date: _____
      Lorraine Gauli-Rufo
      Counsel for Tanzania

      _____  Date: _____
      Jesse Siegel
      Counsel for Deibi Sanchez

SO ORDERED:

Dated: New York, New York
      May ___, 2021

                _____
                THE HONORABLE JOHN G. KOELTL
                UNITED STATES DISTRICT JUDGE

### Retention of Jurisdiction

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney


by:   _____      Date: _____
    Brandon D. Harper
    Assistant United States Attorney

    *James Neuman*      Date: June 4, 2021 _____
    James Neuman
    Counsel for Dramion Coombs


    _____      Date: _____
    Mitchell Elman
    Counsel for Olufemi Nathaniel Itiowe


    _____      Date: _____
    Lorraine Gauli-Rufo
    Counsel for Tanzania


    _____      Date: _____
    Jesse Siegel
    Counsel for Deibi Sanchez

SO ORDERED:

Dated: New York, New York
     May ___, 2021


           _____
           THE HONORABLE JOHN G. KOELTL
           UNITED STATES DISTRICT JUDGE